**No. 60940.**—Camera Specialty Company, Inc. v. United States, protest 267433–K (New York).

RICHARDSON, Judge: Merchandise assessed at 20 per centum ad valorem under paragraph 1551, Tariff Act of 1930, as photographic cameras and parts thereof, not specially provided for, is claimed dutiable at 15 per centum ad valorem under the provision in said paragraph, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T. D. 52739), supplemented by Presidential proclamation (T. D. 52820), for "Photographic cameras not specially provided for, valued at $10 or more each (except motion-picture cameras and fixed-focus cameras)."

In plaintiff's amended protest, it is claimed that the cameras and camera parts contained in cases GW610 to GW629, inclusive, are properly dutiable at 15 per centum ad valorem under paragraph 1551 of the Tariff Act of 1930, as modified by T. D. 52820, as cameras valued at $10 or more each.

A decision was rendered for the plaintiff January 9, 1957. Subsequent to the decision of the court reported in Abstract 60437, the parties stipulated to set aside the decision in said abstract and the stipulation was approved by the court February 5, 1957.

Counsel have now submitted this case on a stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the respective parties hereto, subject to the approval of the Court, that the above captioned matter be deemed submitted upon the following facts:

1. The merchandise covered by the entry in question (Warehouse entry No. 10266 dated October 14, 1953) consists of 32 cases of photographic equipment invoiced at a total value of $39,740.05. Included in the total invoice value were freight costs in the sum of $90.00 (a non-dutiable charge) and cost of packing in the sum of $420.00 (a dutiable charge) making a total entered value of $39,651.00.

2. A portion of the entry in question consisted of 20 cases of photographic cameras each imported with a leather case, which merchandise was invoiced and entered by the importer at a value of $11.65 per unit, including camera and leather carrying case, under paragraph 1551 of the Tariff Act of 1930, as amended, as cameras valued at $10 or more each nspf at the rate of 15% ad valorem. The 20 cases are identified on the entry and invoice as cases GW610 to GW629 inclusive.

3. Upon appraisement of said merchandise, the aforesaid camera and leather carrying case were separately classified. A value of $1.65 was set for the leather carrying case, and a value of less than $10 was attributed to the photographic cameras. A rate advance was indicated by the appraiser in connection with the cameras from 15% under paragraph 1551 as cameras valued at $10 or more to 20% under that same paragraph as cameras valued at a value of less than $10. The invoice value of each camera was decreased a few cents as a result of the

pro rata reduction in the invoice value of all merchandise by the $90 non-dutiable freight charge originally included in the total invoice value. The leather carrying cases were assessed for duty under paragraph 1531 at the rate of 20% ad valorem.

4. In addition to the action of the Appraiser affecting the classification of the cameras and leather carrying cases as aforesaid and the resulting rate advance, certain other of the merchandise entered under cover of the entry in question was advanced in value.

5. Appraisement was completed on May 13, 1954, and on May 21, 1954, a notice of appraisement was forwarded to the importer of record. The entry was subsequently liquidated based upon the appraisement of the Appraiser.

6. The aforesaid notice of appraisement advised the importer *only* that the "appraised value exceeds the entered value."

7. The aforesaid notice of appraisement did not notify the importer that "a change in classification of the merchandise has resulted from the Appraiser's determination of value" when in fact such a change in classification did result from the Appraiser's determination of value. The action of the Appraiser in connection with the cameras contained in cases marked GW610 to GW629 as aforesaid resulted in a reduction in the value of the camera and the consequent increase in the rate of duty pertaining thereto due to the resulting change in classification.

8. No appeal for a reappraisement herein was filed; a protest herein was timely filed.

9. Section 501 of the Tariff Act of 1930, as amended, states as follows:

   (a) The collector shall give written notice of appraisement to the consignee, his agent or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value.

Right to first docket call and right to amend are hereby waived.

In view of this stipulation and the failure of the collector to notify the importer that "a change in the classification of the merchandise results from the appraiser's determination of value," as is required by title 19, United States Code, section 1501, the liquidation of the entry in question was invalid and void.

Title 28, section 2636 (d) of the United States Code, provides as follows:

   (d) If upon the hearing of a protest, the court declares an appraisement of merchandise made after the effective date of the Customs Administrative Act of 1938 to have been invalid or void, it shall remand the matter to a single judge who shall determine the proper dutiable value of such merchandise in the manner provided by this chapter. In such proceeding no presumption of correctness shall attach to the invoice or entered values. (June 25, 1948, ch. 646 § 1, 62 Stat. 981.)

In the view of the finding of the court and the requirements of title 28, section 2636 (d), it is ordered, adjudged, and decreed that this protest be and the same is remanded to a single judge sitting in reappraisement to determine the dutiable value of the imported merchandise in cases marked GW610 to GW629, inclusive.

Judgment will be rendered accordingly.